IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANTHONY E. PROCTOR,          )
     Petitioner,          )    Civil Action No. 15-22 Erie
                             )
    v.                     )
                             )    Magistrate Judge Susan Paradise Baxter
TAMMY S. FERGUSON,           )
et. al.,                     )
     Respondents.         )

## **OPINION**[1]

Presently before the Court is a petition for a writ of habeas corpus filed by state prisoner, Petitioner Anthony E. Proctor, pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the petition is denied and a certificate of appealability is denied on all claims.

**I.**

**A.**    **Relevant Background**

On February 27, 2010, Petitioner was arrested and charged in the Court of Common Pleas of Erie County with involuntary deviate sexual intercourse, simple assault, false imprisonment, recklessly endangering another person, and aggravated assault. The charges stemmed from an incident that occurred that day and the day beforehand in which Petitioner physically and sexually assaulted his girlfriend at the time. Petitioner retained an attorney, Bruce G. Sandmeyer, Esquire, to represent him. In July 2010, the court granted Attorney Sandmeyer's motion to withdraw and Petitioner "chose to proceed *pro se*, despite the trial court's warning that 'without the assistance of competent trial counsel, [he was] diminishing [his] chances of'" being acquitted at trial. (ECF No. No. 13-4, Commonwealth v. Proctor,

---

[1]     In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

1

No. 1928 WDA 2010, slip op. at 2 (Pa.Super.Ct. Sept. 21, 2011) ("Proctor I") (quoting 7/15/10 Pro Se Colloquy Hr'g at 16)).

Following a jury trial held in September 2010, Petitioner was convicted of simple assault and recklessly endangering another person. On October 20, 2010, the trial court sentenced him to an aggregate term of not less than 12 nor more than 24 months of imprisonment. Petitioner pursued a direct appeal with the Superior Court of Pennsylvania. On September 21, 2011, the Superior Court issued Proctor I and affirmed his judgment of sentence. Petitioner did not file a petition for allowance of appeal with the Supreme Court of Pennsylvania. Accordingly, his judgment of sentence became final on or around October 21, 2011, which is the date upon which the 30-day time limit for him to seek review with the Supreme Court of Pennsylvania expired. Gonzalez v. Thaler, — U.S. — , 132 S.Ct. 641, 653-56 (2012) (a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review); Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000).

On May 10, 2012, Petitioner filed his first petition for relief under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 PA.CONS.STAT.ANN. § 9541 *et seq.* The PCRA court appointed Petitioner counsel, who subsequently filed a no-merit letter pursuant to Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988) and Commonwealth v. Finley, 550 A.2d 213 (Pa.Super.Ct. 1988), and a petition for leave to withdraw. On July 24, 2012, the PCRA court issued a notice of its intent to dismiss the PCRA petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907(1). The court also granted counsel's request for leave to withdraw from representation. (ECF No. 13-4 at 11, Commonwealth v. Proctor, No. 1524 WDA 2012, slip op. at 1 n.1 (May 22, 2013) ("Proctor II").

After the PCRA court issue its final order denying Petitioner's PCRA relief, he pursued a *pro se* appeal. On May 22, 2013, the Superior Court issued Proctor II and affirmed the PCRA court's decision

to deny collateral relief. Petitioner did not file a petition for allowance of appeal with the Supreme Court of Pennsylvania.

On July 10, 2013, Petitioner filed a second PCRA petition. The PCRA court determined that the petition was untimely under the applicable one-year statute of limitations. Petitioner filed a *pro se* appeal, and on April 22, 2014, the Superior Court affirmed the PCRA court's decision that the second petition was filed outside the statute of limitations. (ECF No. 13-4 at 17, Commonwealth v. Proctor, No. 1342 WDA 2013, slip op. (Pa.Super.Ct. Apr. 22, 2014) ("Proctor III"). This time the Petitioner filed a petition for allowance of appeal with the Supreme Court of Pennsylvania, which that court denied on September 24, 2014. (ECF No. 13-4 at 23).

On January 16, 2015, this Court received from Petitioner for filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").[2] Petitioner raises the following three grounds for relief:

**Claim One:** Attorney Sandmeyer was ineffective for "abandoning" him on the day of the scheduled trial term. [ECF No. 4 at 5].

**Claim Two:** "As a consequence of" Attorney Sandmeyer's "abandonment," Petitioner "was forced to trial unrepresented by counsel." [ECF No. 4 at 7].

**Claim Three:** "Governmental Interference: As an attempt to avoid accountability for their roles in (1) facilitating [Attorney Sandmeyer's] 'abandonment' of the case – which consisted of (2) violating Pa.R.Crim.P. 120(B)(2)(a)– Governmental interference occurred. The Governmental Interference consisted of suppressing the notes-of-testimony of the July 15, 2010, pro se colloquy hearing that produced the 'right of counsel waiver' form along with the August 19, 2010, notes-of-testimony of the 'attempted' pro se colloquy hearing – both of which the Petitioner relied upon in his arguments to prove that

---

[2] Although the petition contains a declaration from Petitioner that he placed it in the prison mail on November 19, 2014, the Court did not receive it until January 16, 2015. In addition, on the signature line of Petitioner's brief, which he mailed to the Court along with the petition, Petitioner provided the date of January 10, 2015. Both of these facts counsel against applying the mailbox rule and deeming the petition to be filed as of November 19, 2014. The Court need not make that determination, however, because as explained below, the one-year statute of limitations for filing federal habeas claims expired on or around December 2, 2013, and, therefore, Petitioner's claims are untimely regardless of whether the Court deems the petition to be filed on November 19, 2014 or in January 2015.

3

the 'Right to Counsel Waiver' and the pro se colloquy hearing of July 15, 2010, were Constitutionally invalid. These items of the Record were suppressed from the Pa. Superior Court to deprive the Petitioner's argument from support in the record, namely, issues herein at [Claims] 1 & 2. The adverse ruling from the Pa. Superior Court enabled the Petitioner to deduce that these aforementioned notes-of-testimony had been suppressed by the PCRA Court." [ECF No. 4 at 8].

In their answer [ECF No. 13], Respondents contend that Petitioner's claims should be denied because they are untimely under the applicable one-year statute of limitations. Petitioner has filed his reply [ECF No. 17] and the case is now ripe for review.

## **B.**     **Discussion**

AEDPA requires, with a few exceptions not applicable here, that federal habeas claim must be filed with the district court within one year of the date the petitioner's judgment of sentence became final. 28 U.S.C. § 2244(d)(1)(A).[3] It also provides that "[t]he time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added).

As set forth above, Petitioner's judgment of sentence became final on October 21, 2011. On May 10, 2012, he filed his first (and only timely filed) PCRA petition. In accordance with § 2244(d)(2), that PCRA proceeding statutorily tolled AEDPA's limitations period on that date. At that point, approximately 202 days (from October 21, 2011 to May 10, 2012) had already expired from AEDPA's statute of limitations. Petitioner's first PCRA proceeding concluded on or around June 21, 2013, which

---

[3] Petitioner is not entitled to take advantage of any of the other provisions triggering the one-year limitations period. He did not suffer any impediment to filing his federal petition. 28 U.S.C. § 2244(d)(1)(B). None of his claims are based on a new constitutional right recognized by the United States Supreme Court and made retroactive to cases on collateral review, id. at § 2244(d)(1)(C), or upon a factual predicate that could not have been discovered through the exercise of due diligence. Id. § 2244(d)(1)(D).

4

is the date upon which Petitioner's time to file a petition for allowance of appeal from the Superior Court's decision in Proctor II (issued on May 22, 2013) expired. Swartz, 204 F.3d at 419-20. AEDPA's limitations period began to run again the next day, on June 22, 2013. Since about 202 days had expired already from the limitations period, Petitioner had 163 more days – until on or around December 2, 2013 – to file a timely petition for a writ of habeas corpus with this Court. Therefore, his petition (whether deemed to be filed in November 2014 or January 2015) was filed outside AEDPA's one-year statute of limitations.

Importantly, the limitations period was not statutorily tolled pursuant to § 2244(d)(2) during the pendency of Petitioner's second PCRA proceeding. Because the Superior Court determined that the second PCRA petition was untimely, it does not qualify as a "properly filed application for State post-conviction or other collateral review" under the terms of § 2244(d)(2). Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005) ("When a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2).") (quotation marks and brackets deleted); id. at 417 ("Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2).").

The United States Supreme Court has held that AEDPA's statute-of-limitations period "is subject to equitable tolling in appropriate cases." Holland v. Florida, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling only if he shows both that: (1) he has been **pursuing his rights diligently**, and (2) some **extraordinary circumstance** stood in his way and prevented timely filing. Id. at 649. See also United States v. Thomas, 713 F.3d 165, 174 (3d Cir. 2013); Ross v. Varano, 712 F.3d 784, 798-804 (3d Cir. 2013); Munchinski v. Wilson, 694 F.3d 308, 329-32 (3d Cir. 2012). "This conjunctive standard requires showing both elements before we will permit tolling." Sistrunk v. Rozum, 674 F.3d 181, 190

5

(3d Cir. 2012) (emphasis in original). The United States Court of Appeals for the Third Circuit has explained:

> "There are no bright lines in determining whether equitable tolling is warranted in a given case." Pabon v. Mahanoy, 654 F.3d 385, 399 (3d Cir. 2011). Nevertheless, "courts must be sparing in their use of equitable tolling," Seitzinger v. Reading Hosp. & Medical Ctr., 165 F.3d 236, 239 (3d Cir. 1999), and should do so "only when the principles of equity would make the right application of a limitation period unfair." Miller [v. New Jersey State Dept. of Corr.], 145 F.3d [616, 618 (3d Cir. 1998)].

Sistrunk, 674 F.3d at 190.

Petitioner has not met his burden of demonstrating that he is entitled to equitable tolling. He does not identify any "extraordinary circumstance" that stood in his way of filing a timely federal habeas petition. Nor has he shown that he acted with the required diligence. Petitioner may not have understood the ramifications of filing a second PCRA petition and waiting so long to seek federal habeas review with this Court, but it is well established that a petitioner's "lack of legal knowledge or legal training does not alone justify equitable tolling." Ross, 712 F.3d at 799-800 (citing Brown v. Shannon, 322 F.3d 768, 774 (3d Cir. 2003) (equitable tolling not justified where petitioner had one month left in limitations period in which he could have filed "at least a basic pro se habeas petition" at the time that petitioner's attorney informed him that he would not file an appeal in state court on his behalf and could no longer adequately represent him); and Doe v. Menefee, 391 F.3d 147, 177 (2d Cir. 2004) ("Given that we expect pro se petitioners to know when the limitations period expires ... such inadvertence on Doe's part cannot constitute reasonable diligence."). See also BRIAN R. MEANS, Federal Habeas Manual § 9A:92 WestlawNext (database updated May 2016) (collecting cases for the proposition that "[i]gnorance of the law and the lack of legal experience typically do not excuse an untimely filing, even for a *pro se* incarcerated prisoner.").

In <u>McQuiggin v. Perkins</u>, — U.S. — , 133 S.Ct. 1924 (2013), the Supreme Court also recognized that the actual innocence gateway to federal habeas review developed in <u>Schlup v. Delo</u>, 513 U.S. 298 (1995) extends to cases where a petitioner's claims would otherwise be barred by the expiration of the one-year statute of limitations prescribed by AEDPA. It held that, in order to avoid a miscarriage of justice, a federal court may entertain a § 2254 petition if the petition states facts that could amount to a convincing claim of actual innocence even if AEDPA's statute of limitations for such a petition has expired. <u>McQuiggin</u>, 133 S.Ct. at 1934-35. This "actual innocence" exception applies only to a "severely confined category" of cases, namely, those matters where the petitioner produces new evidence sufficient to show that "it is more likely than not that no reasonable juror would have convicted [the petitioner]." <u>Id.</u> at 1933 (quoting <u>Schlup</u>, 513 U.S. at 329). The Supreme Court cautioned that "tenable actual-innocence gateway pleas are rare[,]" <u>id.</u> at 1928, and that "[t]he gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" <u>Id.</u> at 1936 (quoting <u>Schlup</u>, 513 U.S. at 316). This is not the type of rare case in which a petitioner can overcome AEDPA's statute of limitations by way of the miscarriage of justice gateway.

Finally, to the extent that in Claim 3 Petitioner is challenging what occurred in any of his PCRA proceedings, that claim is not cognizable. As the United States Court of Appeals for the Third Circuit explained in <u>Hassine v. Zimmerman</u>, 160 F.3d 941 (3d Cir. 1998):

> [t]he federal courts are authorized to provide collateral relief where a petitioner is in state custody or under a federal sentence imposed in violation of the Constitution or the laws or treaties of the United States. 28 U.S.C. §§ 2254, 2255. **Thus, the federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's conviction; what occurred in the petitioner's collateral proceeding does not enter into the habeas calculation.**

7

160 F.3d at 954 (internal citations omitted) (emphasis added). See also Lambert v. Blackwell, 387 F.3d 210, 247 (3d Cir. 2004) ("[A]lleged errors in collateral proceedings are not a proper basis for habeas relief from the original conviction.")

**C.      Certificate of Appealability**

Section 102 of AEDPA, which is codified at 28 U.S.C. § 2253, governs the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason would not find it debatable whether each of Petitioner's claims should be denied. Accordingly, a certificate of appealability is denied.

**II.**

For the reasons set forth above, the petitioner for a writ of habeas corpus is denied and a certificate of appealability is denied on all claims.

An appropriate Order follows.

Dated: July 8, 2016

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge